UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALDO ADRIAN LOPEZ MALDONADO,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, et al.,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:26-cv-11178-IT<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

March 11, 2026

TALWANI, D.J.

Petitioner Aldo Adrian Lopez Maldonado is a Guatemalan national who has been detained by ICE since February 25, 2026. Pet. ¶¶ 3, 6 [Doc. No. 1]. Petitioner is currently detained at Plymouth County Correctional Facility, in Plymouth, Massachusetts. Id. ¶ 6. On March 7, 2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that, if authorized at all, his detention is governed "under [8 U.S.C.] § 1226(a)," and therefore "he is entitled to a prompt individualized bond hearing before an Immigration Judge at which the government bears the burden of justifying continued detention." Id. ¶ 12.

Respondents state "that the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)]." Resp. to Habeas Pet. 1 [Doc. No. 7]. Respondents further note that "[s]hould the Court follow its reasoning in Doe, it would reach the same result here." Id.

The court finds the reasoning in Doe remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a). The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025),

1

is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, No. 1:25-cv-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than March 18, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention. Following the bond hearing, Respondents shall promptly file a status report.

IT IS SO ORDERED.

March 11, 2026                                              /s/ Indira Talwani
                                                            United States District Judge